UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | Case No.  1:23-cv-00144-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

    Petitioner Rick A. Hazeltine, a civil detainee at Coalinga State Hospital, is proceeding pro se on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because Petition does not challenge the fact or duration of Petitioner's confinement, the undersigned recommends the Petition be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

Petitioner is a civil detainee confined at Coalinga State Hospital. (Doc. No. 1). To the extent discernable, the Petition raises three grounds for relief: (1) officials conducted an unreasonable search and seizure of his living quarters in violation of the Fourth Amendment; (2) he was improperly dismissed from his job in violation of the Fourteenth Amendment; and (3) the dismissal from his job is "punitive in application" in violation of double jeopardy and ex post facto laws. (*Id*. at 15-16). As relief, Petitioner requests that Respondent "cease and desist the practice of warrantless criminal investigatory searches"; ensure due process protections for all patients prior to termination from jobs; "acknowledge" that using the job "as a means of punishment and control" violated double jeopardy and ex post facto laws; and remove all references that Petitioner possessed drugs from his "chart" so it will not "unnecessarily extend his incarceration." (*Id*. at 16-17).

# II. APPLICABLE LAW AND ANALYSIS

This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, the Court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Under § 2254, a writ of habeas corpus is available to prisoners who seek to challenge the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). If a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the claim is not cognizable on federal habeas review. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). Contrarily, "requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Although on the preapproved § 2254 form, the Petition does not challenge the fact or length of Petitioner's confinement. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). Instead, Petitioner's claims stem from an alleged illegal search of Petitioner's living quarters during which officials located certain

contraband, resulting in Petitioner being dismissed from his job. (*See generally* Doc. No. 1). Constitutional challenges to the conditions of Petitioner's confinement are properly pursued via a civil rights action brought under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 499. While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016). The undersigned does not find recharacterization proper in this case. Petitioner does not name as defendants any of the individuals who he alleges committed the offensive acts. Instead, Petitioner names only Brandon Price, the executive director of Coalinga State Hospital, as the named respondent. (Doc. No. 1 at 1, 11). Second, automatic conversion is improper due to the discrepancy in the filing fees. The filing fee for a habeas petition is $5, and for civil rights cases, the filing fee is $350 plus an administrative fee of $50.[2]

Based on the foregoing, the undersigned recommends that the Petition be dismissed because it raises claims relating to Petitioner's conditions of his confinement, not the fact or duration of his confinement. Should Petitioner wish to pursue his claim, he should initiate a new action by filing a civil rights complaint identifying individuals who are alleged to have committed the improper acts.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying

---

[2] Under the Prisoner Litigation Reform Act, a prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). It appears Petitioner is civilly confined and thus is not subject to the PLRA.

constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

The Petition (Doc. No. 1) be DISMISSED for failure to state a habeas claim.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     February 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4