1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK A. HAZELTINE, | ) Case No.: 1:23-cv-00144-JLT-HBK (HC) |
| | ) |
| Petitioner, | ) ORDER ADOPTING FINDINGS AND |
| | ) RECOMMENDATIONS, DISMISSING |
| v. | ) PETITION FOR WRIT OF HABEAS CORPUS, |
| | ) AND DIRECTING CLERK OF COURT TO |
| BRANDON PRICE, | ) CLOSE CASE |
| | ) |
| Respondent. | ) (Docs. 1, 9) |
| | ) |
| | ) |

Rick A. Hazeltine is a civil detainee at Coalinga State Hospital, proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, and on February 8, 2023 issued Findings and Recommendations recommending that the Petition be dismissed for failure to state a habeas claim. (Doc. 9.) The Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within 14 days after service. (*Id.*) In addition, the Court advised the parties "that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). On February 23, 2023, Petitioner timely filed objections to the magistrate judge's Findings and Recommendations, which consist of

1  a single statement: "Petitioner's rights prohibiting double jeopardy have been violated, and,
2  therefore, the only cure is immediate release." (Doc. 11.)

3      According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the
4  case. Having carefully reviewed the entire file, including Petitioner's objections, the Court
5  concludes that the magistrate judge's Findings and Recommendations are supported by the record
6  and proper analysis.

7      A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a
8  district court's denial of his petition, and an appeal is only allowed in certain circumstances.
9  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas
10 petition on the merits, the court may only issue a certificate of appealability "if jurists of reason
11 could disagree with the district court's resolution of [the petitioner's] constitutional claims or that
12 jurists could conclude the issues presented are adequate to deserve encouragement to proceed
13 further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the
14 petitioner is not required to prove the merits of his case, he must demonstrate "something more
15 than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537
16 U.S. at 338.

17     The Court finds that reasonable jurists would not find the Court's determination that the
18 Petition should be denied debatable or wrong, or that the issues presented are deserving of
19 encouragement to proceed further. Petitioner has not made the required substantial showing of the
20 denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.
21 Based upon the foregoing, the Court **ORDERS**:

22     1.   The Findings and Recommendations issued on February 8, 2023, (Doc. 9), are
23          **ADOPTED** in full.

24     2.   The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

25     3.   The Court declines to issue a certificate of appealability.

26 ///
27 ///
28 ///

4.     The Clerk of the Court is to terminate any pending deadlines/motions and **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **March 2, 2023**

UNITED STATES DISTRICT JUDGE

3